# Baker *versus* Gartside *et al.*

By certain Acts of Assembly, the members of council of the South Ward of the city of Chester were authorized to erect waterworks and to lay water-pipes, the cost thereof to be borne by the property-owners, in front of whose properties the pipes were laid, and who applied for the use of the water. The option was given the property-holder to pay for said pipe, at a fixed price, or to pay the interest on the cost of the pipe so laid. The owner of a corner lot applied for the use of the water, and paid for the pipe laid along one front of his property. Subsequently, pipe was laid along the other front without his consent, and the water from which was in no way used on the premises. Suit was brought by the councilmen for the interest on the cost of the pipe thus laid. *Held*, that the right to maintain this action depended upon contract, and as the defendant had only applied for the water on one front, this contract could not be made to include the other front, and he was not liable.

March 26th 1878. Before SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ. AGNEW, C. J., absent.

Error to the Court of Common Pleas of *Delaware county:* Of January Term 1876, No. 129.

This was an amicable action of debt, brought by Amos Gartside and others, members of the City Council of the South Ward of the city of Chester against Perciphor Baker, to recover the cost of laying water-pipe along what was alleged to be the front of defendant's dwelling. It appeared by the Act of March 2d 1867, Pamph. L. 332, the members of the city council of the said South Ward were authorized to contract for the erection of waterworks to supply said ward with water, and for the laying of the pipes to conduct the same, and it was provided, that the expense thereof should be paid by the owners of the ground in front of which such pipes should be laid. It also appeared that by a supplement to this Act of March 24th 1869, Pamph. L. 519, said council were authorized " to assess, levy and collect, annually, from the time of laying such pipes, from property in the said South Ward, on each side of the street, lane or alley in which said water-pipes have been or may be laid, a rate not exceeding seven per cent. upon a sum equivalent to one dollar per lineal foot for the said water-pipe, in front of the respective properties on each side of said streets, lanes or alleys; and that in the Middle and North Wards of the said city, from properties for which water has been applied for and introduced, there shall be assessed and collected, annually, the rate above specified, in the same manner and with the same force and

[Baker v. Gartside.]

effect as set out in the preceding sections; provided, that any property owner, in any of the wards of the said city, may, at his option at any time, pay for the said pipe at the rate of one dollar per foot, and arrearages to the time of such payment, and thereupon be released from any liabilities therefor."

Baker owned a lot on the north-eastern corner of Ninth and Potter streets, in the North Ward of the city of Chester. The water-pipe was laid in front of the property on Ninth street in June 1869, and water was introduced into the premises in May 1870. For the pipe thus laid on Ninth street, Baker paid one dollar per foot, as the act provided. Pipe was laid along the Potter street side of defendant's property in 1871. This action was brought to recover the interest for four years on the value of the property on said street. It was in evidence that the premises were supplied wholly from the pipes on the Ninth street front, that there was no connection with the pipes on Potter street, and that the property derived no benefit whatever from the latter. The defendant submitted the following points, which the court refused:—

1. The only authority, as far as appears, for the plaintiffs to make the charge here claimed, is the Act of 1869. If the jury find that the water was not introduced into defendant's property until after the passage of the said act, the plaintiffs cannot recover.

3. If the jury find that the pipe on Potter street has not been used by the defendant, that his premises were fully supplied from the pipe on Broad street, and by it have been amply connected with the waterworks, the plaintiffs cannot recover.

The defendant also contended that the Acts of 1867 and 1869 were unconstitutional. The court directed a verdict for the plaintiff, reserving the question "whether, under the Acts of Assembly touching the matter in issue, the plaintiffs can recover."

A verdict was accordingly rendered for $19.35, the amount of interest claimed, and subsequently the court entered judgment on the verdict, in an opinion on the question reserved, saying:—

"Upon the constitutional question raised upon the argument of this case, we give no opinion. We, nevertheless, hold that the plaintiffs are a *quasi* municipal corporation. The South Ward is a part of the corporation of Chester, and is within the spirit of the law governing the powers of municipal corporations.

"The case depends upon the proper construction of the Act of 1869. It must have a reasonable interpretation. The fact that its language is not strictly grammatical, or that the meaning of the legislature might have been expressed in a clearer form, is not enough to deprive the act of the object for which it was undoubtedly intended. It uses the past and future tenses in the first section, and the past tense only in the second section. The defendant contends that the true construction of the second section is to authorize the levy of the rate therein named, upon properties for

[Baker *v.* Gartside.]

which water had been applied for, and introduced at the time the act was passed. As all pipes then introduced had already been paid for, this construction would, therefore, be senseless. The object of the act was not to enforce double payment for pipes then laid, but to enforce payment for those subsequently laid. The meaning of the words, 'has been applied for and introduced,' clearly refers to the time when the assessment is made, and not the date of the passage of the act. This construction is consistent with the intention of the act as expressed in its preamble, and manifestly subserves the purpose for which it was passed."

The defendant took this writ, assigning for error the refusal of his points, and the entry of judgment for plaintiffs on the question reserved.

*J. B. Hinkson,* for plaintiff in error.—It was the intention of the Act of 1867, that only those who applied for the water, should be subject to the assessment. Baker never applied to have the use of the water on Potter street. On the contrary the pipe was laid there without his knowledge or consent. The councilmen are not a municipal corporation and the legislature could not confer upon them the power of taxation. The Act of 1867 only allows collections for pipe laid in *front* of properties. The word *front* is well defined and has a universal meaning: City *v.* Michener, 30 Leg. Int. 116.

*William Ward* and *William B. Broomall,* for defendants in error.—The defendant does, in fact, use the pipe on Potter street and the pipes on many other streets. A property owner may be said to use all the pipes through which the water runs from the reservoir to his attachment. The using of the pipes is not, therefore, the criterion to test his liability.

The intention of all this class of legislation is that the water companies shall be reimbursed the outlay made in laying all the pipes. If it is said that this bears hard on corner properties, it is answered that the burden as to water-pipes is not exceptional. The same burden exists as to paving streets and sidewalks, and they are justified, for the reason that corner properties are more valuable, from their public positions. Whether or not the increased public burdens are nicely graded with the increased value is not important. Absolute equality in the imposition of taxes is not to be expected.

A corner lot has two fronts: Act April 8th 1851, Pamph. L. 358, Ordinance of Philadelphia, June 2d 1866. The defendant's liability does not depend on the nature of this corporation; his liability is fixed by his contract.

Mr. Justice GORDON delivered the opinion of the court, April 4th 1878.

[Baker *v.* Gartside.]

By Act of March 2d 1867, the members of the city council of the South Ward of Chester city, were authorized to erect water-works for the use and benefit of said ward. By a supplement, approved March 24th 1869, the authorities above mentioned were empowered to assess, levy and collect annually, from property in the said ward in the front or along the side of which water-pipes had been laid, a rate not exceeding seven per cent. upon a sum equivalent to one dollar per lineal foot of said pipes. By the 2d section of this same supplement, the officers above named were empowered to assess and collect a like rate on and from properties in the North and Middle Wards, for which an application had been made for water, and into which it had been introduced. We agree with the court below that, though in this section the past tense is used, the intent was not to limit the power of assessment to pipes then laid, but that the act also applied to such as should thereafter be laid. It was further provided, in said section, that any property-holder, by paying for such pipe, at the rate of one dollar per foot, together with any arrearages that might be due, should be released from all further liability therefor. It follows, that the property-owners of the North and Middle Wards were not liable to the above-stated assessments unless they applied for and had water introduced into their several premises, and that they might, when, at their request, water was so introduced, release themselves from such assessments and all future liability, by paying one dollar per foot for the pipes then fronting their properties.

The matter thus, as to those of the North and Middle Wards, since the Act of 1869, resolves itself into a mere question of contract. If the property-holder desires to supply himself with water from the works of the South Ward, he may do so under the terms and conditions of the act; and on the other hand, the South Ward can impose no other or additional terms than those existing at the time of the contract.

Now, on the 6th of May 1870, Baker had water from the pipe on Ninth street, the only one at that time in the vicinity of his premises, introduced into his property; he paid for the Ninth street pipe in full, and so was, as matters then stood, discharged from all further assessments. In 1871 the authorities of the South Ward laid the Potter street pipe, and for this they now seek to assess the defendant. By what authority? Not because he uses the water from that street, for this he does not do, and not because of the water he obtained from Ninth street, for that he bought and paid for in full. Whence, then, comes the authority of the plaintiffs to go back upon a contract, fully and fairly performed by the defendant, and compel him to pay for that for which he never contracted? It is urged that, in fact, he is in part supplied from the Potter street pipe, since this being connected with that on Ninth street, the water must necessarily flow from the one to the other. This argument is

[Baker *v.* Gartside.]

exceedingly unsubstantial, for it is not so much as alleged that Baker's supply from Ninth street, before the connection was made, was not ample, or that it was not, in fact, made wholly for the advantage and profit of the South Ward.   We may thus pass the constitutional question raised on the power of the legislature to invest the officers of this ward with the franchises found in the act, for, as we have already said, the question before us is one of contract, arising under the second section of the statute; by the contract, as it existed in 1870, the case must be governed.   The conclusion is, that as the defendant fully performed, on his part, every obligation which he then undertook to perform, the authorities of the South Ward can require nothing further from him.

The judgment, is reversed, and a new venire awarded.